UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Cr. No. 98-30024-12 |
| VERSUS | JUDGE ROBERT G. JAMES |
| ROBERT EARL BARNETTE | MAG. JUDGE KAREN L. HAYES |

**MEMORANDUM ORDER**

Pending before the Court is a letter motion [Doc. No. 701] filed by Defendant Robert Earl Barnette ("Barnette"). Barnette seeks "help" from the Court to the extent that he can receive credit on his federal sentence for the time he was in "Federal custody." [Doc. No. 701, p.1].

Barnette was originally sentenced on June 30, 1999, to serve 120 months imprisonment after pleading guilty to distribution and possession with intent to distribute crack and powder cocaine. [Doc. No. 306]. Barnette completed his term of imprisonment, and on November 18, 2005, he commenced his five-year term of supervised release.

Unfortunately, while serving his supervised release, on September 20, 2008, Barnette was arrested for committing the new criminal offenses of theft, criminal trespass, and damage to property. One month later, on October 20, 2008, Barnette was arrested for committing the new criminal offenses of distribution of marijuana and crack cocaine. Barnette did not notify his probation officers of his arrests and did not answer his probation officer truthfully, both of which were technical violations of the terms of his supervised release.

On November 20, 2008, based on the Petition for Revocation filed by the Probation Office, then-presiding Judge Tucker L. Melancon issued a warrant for his arrest. [Doc. Nos. 645, 646 &

648]. However, the warrant was returned unexecuted because Barnette was in the custody of the Tensas Parish Correctional Center awaiting trial on his new state charges.

On December 18, 2008, the Government filed a Petition for Writ of Habeas Corpus Ad Prosequendum, seeking authority for the United States Marshals to secure Barnette's appearance on the federal charges. [Doc. No. 655]. Judge Melancon granted the Petition the following day, and the Writ issued. [Doc. Nos. 657 & 658]. A revocation hearing was set for January 21, 2009. However, on January 20, 2009, Judge Melancon issued a minute entry [Doc. No. 664] continuing the revocation without date pending the resolution of the state court charges. It appears that Barnette was returned to state custody at this point.

On April 17, 2009, Barnette's case was reassigned from Judge Melancon to the undersigned.

On April 24, 2009, the Government filed another Petition for Writ of Habeas Corpus Ad Prosequendum, which Magistrate Judge Karen L. Hayes granted on April 27, 2009. [Doc. Nos. 670, 671 & 672]. Under that Writ and a Supplemental Writ [Doc. No. 674], the United States Marshals were ordered to produce Barnette for an initial appearance on May 11, 2009.

On May 11, 2009, Barnette, represented by counsel, made an initial appearance. The following day, his revocation hearing was set for May 18, 2009, at 10:00 A.M.

On May 18, 2009, the Court held a hearing on the Petition for Revocation of Barnette's supervised release. Barnette admitted that he violated his terms of supervised release, and, based on the evidence presented, the Court revoked his supervised release. The Court sentenced Barnette to serve 30 months to run consecutively with the sentence imposed in his state cases in the Sixth Judicial District Court, Parish of Tensas, Docket Nos. 78678 and 78583. [Doc. No. 680].

While his filing is not entirely clear, Barnette appears to seek credit for time served in

"Federal custody" prior to commencement of his term of imprisonment on his federal revocation violation. He may also be seeking credit on his federal sentence for time served on his state court sentences.

Pursuant to 18 U.S.C. § 3585(b), the Attorney General, through the BOP, is charged with calculating a defendant's credit for any time served. 18 U.S.C. § 3585(b) ("A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences . . . that has not been credited against another sentence."). If a defendant wishes to challenge this calculation or the manner in which his sentence is being executed, he must, first, exhaust his available administrative remedies through the BOP before litigating in federal court. *See United States v. Wilson*, 503 U.S. 329, 335 (1992). Then the defendant may seek review in federal court by filing a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2241, in the district in which he is incarcerated. *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) ("A section 2241 petition on behalf of a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration, and must be filed in the same district where the prisoner is incarcerated.").

In this case, Barnette has made no showing that he has exhausted his remedies through the BOP, and he is currently incarcerated in the Beaumont Federal Correctional Institute. Therefore, the United States District Court for the Eastern District of Texas, not this Court, has jurisdiction over his section 2241 Petition.[1]  Accordingly,

IT IS ORDERED that Barnette's motion, which the Court construes as a Petition for Writ

---

[1] While the Court would have jurisdiction over a motion to vacate, set aside, or correct sentence, filed pursuant to 28 U.S.C. § 2255, Barnette does not appear to challenge the lawfulness of his sentence, just the BOP's calculation of time.

of Habeas Corpus pursuant to 28 U.S.C. § 2241, is DENIED and DISMISSED WITHOUT PREJUDICE to Barnette's right to re-file in the United States District Court for the Eastern District of Texas.

MONROE, LOUISIANA, this 15th day of September, 2011.

*[signature]*
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE